# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LUIS GALARZA,
    *Plaintiff*,

v.

SCOTT SEMPLE, *et al.*,
    *Defendants*.

No. 3:18-cv-00773 (JAM)

## INITIAL REVIEW ORDER DISMISSING COMPLAINT

Plaintiff Luis Galarza has filed this complaint *pro se* and *in forma pauperis* against employees of the Connecticut Department of Correction pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights arising from alleged tampering with his legal mail on one occasion. Because plaintiff has not alleged facts that give rise to plausible grounds for relief, the complaint will be dismissed without prejudice.

### BACKGROUND

Plaintiff has filed this lawsuit against officials of the Connecticut Department of Correction including Commissioner Scott Semple, Warden Scott Erfe, Deputy Warden Hannah, Mail Handlers Wislocki, Ramirez and Rivera, Correctional Officer McMahon, Captain Torres, and Lieutenant McMahon (collectively, "defendants") in their individual and official capacities. He claims that prison officials improperly opened and delayed his receipt of a letter from his attorney.

The following facts are assumed to be true solely for purposes of my initial evaluation of the adequacy of the allegations in the complaint. On June 6, 2017, plaintiff was called to the Lieutenant's office to get his legal mail. Lieutenant McMahon notified plaintiff that the mail room staff had opened his mail and that he would be filing an incident report. At that point,

1

plaintiff noted that his opened letter was postmarked May 19, 2017. The letter was from plaintiff's attorney and informed plaintiff that he had 90 days to file for relief in the United States Supreme Court.

The Court takes judicial notice that the Connecticut Supreme Court denied certification for appeal from the Connecticut Appellate Court in plaintiff's state habeas matter on May 17, 2017. *See Galarza v. Comm'r of Correction*, 325 Conn. 928 (2017). This was two days before the alleged postmark date for the legal correspondence that was sent from plaintiff's attorney to plaintiff.

Due to the mail being withheld for three weeks, plaintiff alleges that he had less time to prepare for his case. Plaintiff submitted an Inmate Request to Captain Torres addressing the problems that he had been having with the mail room staff for a few years and the lack of corrective action. In response, Captain Torres gave plaintiff the defendants' names. Doc. #1 at 7 (¶ 1).

On June 8, 2017, plaintiff contacted Deputy Warden Hannah regarding the incident with his mail, specifically that his legal mail had been improperly withheld and opened outside of his presence. He also informed Hannah that he had complained before about staff behavior at the mail room. Plaintiff then requested that Hannah remove the defendant mail handlers from the mail room. Hannah responded on June 29, 2017, explaining that the mail room reported that the mail was delivered on the day it was received, that the letter had been opened inadvertently and, per policy, an incident report had been filed. *Id.* at 7-8 (¶ 2), 17.

On June 18, 2017, plaintiff submitted a Freedom of Information Act ("FOIA") request seeking a copy of the incident report. *Id.* at 8 (¶ 4). FOIA Officer McMahon responded that once his documents were ready, he would be notified. *Id*. at 23. On June 26, 2017, plaintiff submitted

an Inmate Request to Warden Erfe, seeking removal of the mail handlers, but he did not receive a response. *Id.* at 8-9 (¶ 5).

On July 5, 2017, plaintiff filed a grievance, again requesting that the defendant mail handlers be removed. The grievance was denied on the basis that "inmates do not dictate staff discipline." *Id.* at 27. Subsequently, plaintiff filed to appeal his Level 1 decision to Level 2 based on his disagreement with the decision from Level 1. In denying plaintiff's request, the Level 2 reviewer remarked that plaintiff had exhausted his administrative remedies. *Id.* at 30.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the compliant, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

3

### *Constitutional Right of Access to the Courts*

Prison inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *modified on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). To state a valid claim for denial of access to the courts, a plaintiff must show that the defendant acted deliberately and maliciously, and that, as a result of defendant's actions, plaintiff suffered an actual injury such as the dismissal of an otherwise meritorious legal claim. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

Plaintiff has not alleged facts demonstrating an actual injury. According to the record, the letter in question from plaintiff's attorney was postmarked May 19, 2017, and plaintiff received the letter on June 6, 2017—nineteen days later. The letter informed plaintiff that he had 90 days to seek relief from the United States Supreme Court. Although it is unclear when the letter arrived at the facility, it is clear that plaintiff would still have had more than seventy days remaining after receiving the letter to file a petition for certiorari at the Supreme Court. Plaintiff does not state whether he actually filed a petition; more importantly, he does not allege that he had inadequate time to seek relief from the Supreme Court, much less does he allege any facts to suggest that his petition would have been meritorious. Therefore, plaintiff has not alleged facts that give rise to a plausible claim for obstruction of his constitutional right of access to the courts. *See Smith v. City of New York*, 2015 WL 1433321, at *3 (S.D.N.Y. 2015) ("A mere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." (quotation marks omitted)).

### *Interference with Legal Mail*

The First Amendment protects a prisoner's right to the free flow of incoming and outgoing mail, including legal mail. *See Davis*, 320 F.3d at 351. As the Second Circuit has noted,

4

however, a single incident of tampering with legal mail is usually insufficient to establish a constitutional violation; instead, an inmate must show that prison officials "regularly and unjustifiably interfered with the oncoming legal mail." *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012) (citations omitted); *Steve v. Arone*, 627 F. App'x 50 (2d Cir. 2016) (affirming *sua sponte* dismissal of prisoner complaint alleging one isolated incident of interference with legal mail).

Although plaintiff alleges unspecified prior problems and corruption at the prison mail room, his complaint and attached grievance forms allege facts regarding only one particular incident of improper handling of his legal mail in May and June 2017. This is insufficient to state a plausible claim for a violation of his First Amendment rights. Moreover, to the extent that the law of the Second Circuit has left it unclear whether a single tampering incident may form the basis for a constitutional claim, *see Ahlers*, 684 F.3d at 64, defendants would have qualified immunity for lack of clearly established law. *See generally Simon v. City of New York*, 893 F.3d 83, 92 (2d Cir. 2018).

*Sixth Amendment Right to Counsel*

Plaintiff claims that defendants' actions also violated his right to counsel under the Sixth Amendment. The Sixth Amendment, however, only protects an attorney-client relationship in a criminal case context. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (rejecting application of Sixth Amendment to claim that "would insulate all mail from inspection, whether related to civil or criminal matters"). There is no Sixth Amendment right to counsel for purposes of a habeas corpus proceeding. *See Murden v. Artuz*, 497 F. 3d 178, 194 (2d Cir. 2007); *see also Vacchio v. Ashcroft*, 404 F.3d 663, 667 (2d Cir. 2005) (noting that a habeas corpus proceeding is civil in nature). The content of the letter at issue in this case regards a state habeas corpus

proceeding and not a criminal matter. Therefore, plaintiff has failed to allege a plausible claim for a violation of his Sixth Amendment right to the effective assistance of counsel.

## CONCLUSION

The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file a motion to reopen accompanied by an amended complaint if he can allege facts that suffice to show a plausible claim for a violation of his constitutional rights. Plaintiff is reminded that if he chooses to file an amended complaint, the complaint may be subject to dismissal on motion of defendants if it relies on facts or incidents that have not been the subject of proper grievances. Any motion to reopen must be filed within thirty days from the date of this order. In light of this ruling, plaintiff's motion for prospective relief (Doc. #11) is DENIED as moot.

It is so ordered.

Dated at New Haven this 16th day of August 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge